1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff(s),<br><br> v.<br><br>ALEXANDER KEMP,<br><br>     Defendant(s). | CASE NO. CR24-0079-KKE-8<br><br>ORDER GRANTING MOTION TO CONTINUE |

This matter comes before the Court on Defendant Alexander Kemp's unopposed[1] motion to continue the trial date and pretrial motions deadline. Dkt. No. 203. The Court has considered the reasons for the motion, the agreement of the parties, and the remainder of the record, and finds that:

1. Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny defense counsel the reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv); and

---

[1] Although Defendant's motion indicates in the caption that it is unopposed, there is no statement in the body of the motion that describes counsel's conference with the Government nor is the motion signed by counsel for the Government. The Court assumes that the caption for this motion reflects an agreement of the parties, but future "unopposed" motions shall contain, in the body of the motion, an explanation supporting a representation that the motion is unopposed.

ORDER GRANTING MOTION TO CONTINUE - 1

2. A failure to grant such a continuance in this proceeding would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); and

3. The additional time requested is a reasonable period of delay, as Defendant has requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses; and

4. The ends of justice will be best served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

5. The additional time requested between the current trial date of April 28, 2025, and the new trial date is necessary to provide defense counsel the reasonable time necessary to prepare for trial, considering counsel's schedule and all of the fact set forth above.

Defendant's unopposed motion (Dkt. No. 203) is therefore GRANTED.  The trial date is continued to 9:30 a.m. on July 21, 2025.  Pretrial motions, including motions in limine, shall be filed no later than June 3, 2025.

IT IS ORDERED that the period of delay from the date of this order to the new trial date of July 21, 2025, is excludable time under 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

Dated this 5th day of March, 2025.

Kymberly K. Evanson
United States District Judge